**Randy GREENAWALT, Petitioner–
Appellant,**

v.

**Terry L. STEWART, et al., Respondents–
Appellees.**

Nos. 88–1828, 88–1910, and 97–99000.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 1997.

Decided Jan. 17, 1997.

---

4. It follows from our disposition that we deny    Coupar's request for attorney's fees.

Denise I. Young, Assistant Federal Public Defender, Phoenix, Arizona, for petitioner-appellant.

Bruce M. Ferg, Assistant Attorney General, Tucson, Arizona, for respondents-appellees.

Before: WALLACE, ALARCON, and WIGGINS, Circuit Judges.

## OPINION

PER CURIAM:

Death row inmate Randy Greenawalt petitions this court, pursuant to 28 U.S.C. § 2253, for a certificate of probable cause (CPC) to appeal a final order of the district court denying his motions under Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Appellate Procedure 4(a)(6). Those motions sought reconsideration of the district court's order which dismissed without prejudice Greenawalt's petition for writ of habeas corpus. He further attempts·to appeal the denial by the district court of a CPC. Greenawalt also requests authorization to file successive habeas corpus petitions: one under the current 28 U.S.C. § 2244(b)(3)(A) and one under prior law, a motion to recall the mandate in our prior opinion, and a motion for a stay of execution. The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253. We deny all requested relief.

## I

The State of Arizona sentenced Greenawalt to death following his conviction on four counts of murder in the first degree. Our first opinion concerning Greenawalt recounts the facts presented to the jury, and we will not repeat them here. *See Greenawalt v. Ricketts,* 784 F.2d 1453, 1454–56 (9th Cir.) (*Greenawalt I* ), *cert. denied,* 479 U.S. 890, 107 S.Ct. 290, 93 L.Ed.2d 264 (1986). The Arizona Supreme Court affirmed the conviction and sentence in 1981, and the United States Supreme Court denied certiorari. *State v. Greenawalt,* 128 Ariz. 150, 624 P.2d 828 (en banc), *cert. denied,* 454 U.S. 882, 102 S.Ct. 364, 70 L.Ed.2d 191 (1981); *see also State v. Greenawalt,* 128 Ariz. 388, 626 P.2d 118 (en banc), *cert. denied,* 454 U.S. 848, 102 S.Ct. 167, 70 L.Ed.2d 136 (1981).

The district court dismissed Greenawalt's first federal habeas corpus petition, filed on December 21, 1981, for failure to exhaust his state court remedies. After proceeding in state court, Greenawalt filed an amended petition on May 31, 1984. The district court denied that petition on the merits, and Greenawalt appealed.

On March 20, 1986, we reversed the district court and remanded "for a thorough and reasoned application of *Edwards* [*v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) ] to the facts of this case." *Greenawalt I,* 784 F.2d at 1457. The district court granted the petition on remand. On appeal, we reversed. *Greenawalt v. Ricketts,* 943 F.2d 1020, 1030 (9th Cir.1991), *cert. denied,* 506 U.S. 888, 113 S.Ct. 252, 121 L.Ed.2d 184 (1992) (*Greenawalt II).*

Greenawalt filed his second petition for post-conviction relief in the Arizona Superior Court on January 18, 1993. He asserted, among other things, that his counsel was ineffective at trial and at sentencing, and that "there is newly discovered evidence sufficient to change the sentence which he would have received." After holding an evidentiary hearing, the superior court denied Greenawalt's petition on March 31, 1995. The court held that Greenawalt's ineffective assistance claim was procedurally barred because he had raised it in his first state petition for post-conviction relief. The court based that conclusion on the fact that the "ineffective assistance of counsel" box was checked on the original petition form, although Greenawalt did not raise the issue in the subsequent proceedings. The trial court also held that the evidence submitted regarding Greenawalt's mental condition was not "newly discovered evidence" because it was not a mitigating circumstance, and would not have affected his sentence. On February 19, 1996, Greenawalt filed a petition for review of the superior court's decision in the Arizona Supreme Court.

On April 23, 1996, Greenawalt filed a "Preliminary Petition for Writ of Habeas Corpus and Application for Appointment of Counsel" (preliminary petition) in the United States District Court for the District of Arizona. Although Greenawalt filed the preliminary petition pro se, Denise Young, an attorney in the Federal Public Defender's Office for the District of Arizona, has informed us that she drafted it on Greenawalt's behalf. There is no indication in the document of her author-

ship. In that petition, Greenawalt alleged that:

In Arizona, I was tried and I am being held, in violation of my federal constitutional rights. Among other constitutional violations, my right to due process, a fair trial and to be represented by effective assistance of counsel under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution were violated when my sentencing counsel was ineffective.

The preliminary petition does not set forth any facts substantiating that federal constitutional claim. At the time Greenawalt filed the preliminary petition, the ineffective assistance of counsel claim described above was also pending before the Arizona Supreme Court.

Greenawalt also requested that the court appoint Denise Young as his attorney because of his indigent status, and "grant counsel after appointment sufficient time to amend this petition after [the] entire record is reviewed and proper investigation is conducted to ensure that all [his] federal constitutional issues are raised." Young was already Greenawalt's attorney in the second state post-conviction proceedings, which began in 1993.

The day after Greenawalt filed the preliminary petition, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, 1217–26 (Act), which substantially altered the standards and procedures governing federal habeas corpus review. Greenawalt concedes that he filed the preliminary petition "to preserve the district court's jurisdiction to hear the serious federal constitutional violations surrounding [his] conviction and death sentence . . . that arguably could not be brought under the Act."

On September 5, 1996, the district court dismissed the preliminary petition without prejudice on the ground that he had not exhausted his state remedies.

It appearing that Petitioner has filed a second [state post-conviction relief] petition and that the Arizona Supreme Court has not decided a petition for review, Petitioner's preliminary habeas petition is pre-maturely before this Court. It is apparent to the Court that Petitioner filed his premature habeas petition the day before the Act was signed in an attempt to foreclose its application to his case.

The district judge also concluded that Greenawalt would not suffer any prejudice from the dismissal of the preliminary petition because the Act, he thought, applied to all pending cases, regardless of when they were filed. The court granted Greenawalt leave to refile his petition once the state court proceedings were completed. It did not rule on Greenawalt's motion for appointment of counsel or his request to proceed *in forma pauperis*. Greenawalt did not appeal the district court's order.

The Arizona Supreme Court summarily denied Greenawalt's petition for review on October 21, 1996, and denied reconsideration on December 17, 1996. Greenawalt filed a petition for certiorari in the United States Supreme Court on December 16, 1996, but the Court has not acted upon it. On December 23, 1996, Arizona issued a warrant scheduling Greenawalt's execution for 12:05 a.m. on January 23, 1997.

On January 2, 1997, Denise Young filed a motion to vacate the district court's September 5 Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, or alternatively to reopen the time for appeal under Federal Rule of Appellate Procedure 4(a)(6). The district court denied both motions on January 6, 1997. The court reasoned that

[t]he "preliminary" successive petition did not set forth Petitioner's claims and Petitioner was still in the process of exhausting claims in state court. Therefore, the Court properly dismissed the petition. The last page of the September 5 Order directed the clerk to send Petitioner a copy and his name also appeared on the computerized mailing list for this case. Petitioner did not submit an affidavit regarding non-receipt of a copy of the Order. Ms. Young submitted an affidavit which states that Petitioner told her that he "did not recall" receiving a copy. After weighing the evidence, the Court finds that the clerk mailed a copy of the September 5 Order to

the petitioner and that he received it. Although Ms. Young avows that she never received a copy, the last page of the Order directed the clerk to send her a copy and the Court assumes that the clerk did so. Furthermore, Ms. Young was not entitled to receive notice of the Order because she was not (and is not currently) appointed as Petitioner's counsel in the district court. Her copy was only a courtesy copy.

On January 8, 1997, a Federal Public Defender filed in the district court an application on Greenawalt's behalf for a CPC to appeal the January 6 Order. In that application, Greenawalt argued that a CPC should issue because (1) the district court "ignored Ninth Circuit precedent regarding retroactive application of the [Act]"; (2) although "it is true that [Greenawalt] was exhausting claims in the highest state court, [Greenawalt] did allege a claim of ineffective assistance of counsel"; (3) the district court should have stayed the action pending exhaustion in the state courts rather than dismissing it; and (4) Denise Young was entitled to notice of the court's September 5 Order.

The district court denied that application on January 10, 1997. It held that the January 6 Order did not "ignore" Ninth Circuit precedent regarding the Act's retroactivity; the Order recognized that the Act did not apply retroactively under *Jeffries v. Wood,* 103 F.3d 827 (9th Cir.1996) (*Jeffries*). The court then held that it properly dismissed Greenawalt's preliminary petition because he "was still in the process of exhausting claims in state court." The district court also reiterated that Denise Young was not entitled to notice of the September 5 Order because she was never appointed to represent Greenawalt in federal district court. Finally, the court explained that its September 5 dismissal would not prevent Greenawalt from filing a new petition in federal court, which would be deemed his second rather than his third federal habeas corpus petition.

Greenawalt filed a notice of appeal from the district court's decision, and then turned his attention to this court. On January 13, 1997, Greenawalt filed (1) an application for a CPC to appeal the district court's January 6

Order, (2) a motion to recall the mandate in *Greenawalt II,* (3) a request for authorization to file a second habeas petition in federal district court, and (4) a motion for a stay of execution. We held oral argument by telephone on January 16, 1997. We address each of Greenawalt's contentions in turn.

## II

Before its recent amendment, 28 U.S.C. § 2253 provided that "[a]n appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding ... unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause." The district court denied Greenawalt's request for a CPC on January 10, 1997. Greenawalt then filed a notice of appeal from that decision.

■ Counsel for Greenawalt conceded at oral argument that she knows of no authority that states that the denial of a CPC is an appealable order. It is not. Greenawalt brings the issue to us by filing a new application for a CPC in the Court of Appeals. This he has done. Accordingly, the direct appeal from the district court's January 6 Order is dismissed.

## III

■ Greenawalt has filed an application for a CPC to appeal the district court's January 6 Order. We have held before that a habeas corpus petitioner must obtain a CPC before he can appeal the denial of a Rule 60(b) motion. *Lynch v. Blodgett,* 999 F.2d 401, 402–03 (9th Cir.1993) (*Lynch*). Because the district court's denial of his Federal Rule of Appellate Procedure 4(a)(6) motion was also ·a ·"final order in a habeas corpus proceeding," 28 U.S.C. § 2253, we hold that a CPC is required to appeal that ruling as well.

The Act amends section 2253 to require that a "circuit justice or judge" issue a certificate of appealability before the court can hear an appeal in a habeas corpus case. We have suggested in dicta that "[t]he standard for obtaining a certificate of appealability under the Act is more demanding than the standard for obtaining a [CPC] under the law as it existed prior to enactment of the Act."

*Williams v. Calderon,* 83 F.3d 281, 286 (9th Cir.1996). In *Jeffries,* we held that "the amendments to Chapter 153 of Title 28 of the United States Code contained in Title I of the Act do not apply to cases filed in the federal courts of this Circuit prior to the Act's effective date of April 24, 1996." *Jeffries,* 103 F.3d at 827. We have not decided whether the amendments to section 2253 requiring a certificate of appealability apply to cases in which no CPC had been issued as of the effective date. *See Lowell v. Prunty,* 91 F.3d 1358, 1359 (9th Cir.1996) (declining to decide whether the amendments to 28 U.S.C. § 2253(c) apply to pending cases). We need not resolve this issue here, because we conclude that Greenawalt cannot meet even the more generous standard for the issuance of a CPC.

■ We will issue a CPC to appeal "only when a habeas petitioner has made a 'substantial showing of the denial of a federal right.'" *Lynch,* 999 F.2d at 403, *quoting Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394–95, 77 L.Ed.2d 1090 (1983) (*Barefoot*). To satisfy the "substantial showing" standard, a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot,* 463 U.S. at 893 n. 4, 103 S.Ct. at 3395 n. 4 (citations omitted). We review the district court's denial of motions brought under Rule 60(b) and Rule 4(a)(6) for abuse of discretion. *Lynch,* 999 F.2d at 402–03; *Nunley v. City of Los Angeles,* 52 F.3d 792, 794 (9th Cir.1995) (*Nunley*). Consequently, we must decide whether Greenawalt has "made a substantial showing that the district court abused its discretion by denying the ... motion[s]." *Lynch,* 999 F.2d at 403, *quoting Lindsey v. Thigpen,* 875 F.2d 1509, 1512 (11th Cir.1989).

Rule 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgement, order, or proceeding for ... any ... reason justifying relief from the operation of the judgment." This Rule "has been used sparingly as an equitable remedy to prevent manifest injus-tice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir.) (*Alpine Land*), *cert. denied,* 510 U.S. 813, 114 S.Ct. 60, 126 L.Ed.2d 29 (1993); *see also Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 864, 108 S.Ct. 2194, 2204–05, 100 L.Ed.2d 855 (1988) (Rule 60(b)(6) relief available only under "extraordinary circumstances").

■ There were no such "extraordinary circumstances" in this case. Greenawalt was proceeding pro se in the district court, and the court found that he received timely notice of the September 5 Order. Convincing evidence in the record supports that finding, and it is not clearly erroneous. Competent counsel represented Greenawalt in parallel state proceedings, and counsel concedes that she assisted him with the federal action as well. Greenawalt's failure to appeal the September 5 Order may be attributable to inattention or inexperience, but neither deficiency constitutes a "extraordinary circumstance" that justifies Rule 60(b)(6) relief. *See Alpine Land,* 984 F.2d at 1049 (collecting cases in which Rule 60(b)(6) relief was held appropriate). We hold that Greenawalt has failed to make a "substantial showing" that the district court abused its discretion by denying his Rule 60(b)(6) motion.

In addition, Greenawalt's failure to demonstrate any prejudice from the September 5 Order further justifies the district court's denial of the 60(b)(6) motion. Greenawalt sees it otherwise.

■ First, he argues that the district court abused its discretion by dismissing his preliminary petition instead of staying it while he exhausted his claims in state court. Greenawalt concedes, however, that his preliminary petition contained an unexhausted claim of ineffective assistance of counsel at sentencing. The Supreme Court repeatedly has instructed the district courts to dismiss "mixed" petitions containing any unexhausted claims. In *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (*Rose*),

the Court wrote that "because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that *a district court must dismiss* habeas petitions containing both unexhausted and exhausted claims." *Id.* at 522, 102 S.Ct. at 1205 (emphasis added). More recently, the Court held that "[r]espondent's habeas petition should have been dismissed if state remedies had not been exhausted as to any of the federal claims." *Castille v. Peoples,* 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989) (unanimous opinion); *see also Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). At oral argument, Greenawalt's counsel conceded that his current claims were not exhausted when the district court issued its September 5, 1996 order dismissing his preliminary petition.

In his application for a CPC, Greenawalt relies on *Fetterly v. Paskett,* 997 F.2d 1295 (9th Cir.1993) (*Fetterly* ), *cert. denied,* —— U.S. ——, 115 S.Ct. 290, 130 L.Ed.2d 205 (1994), and *Neuschafer v. Whitley,* 860 F.2d 1470 (9th Cir.1988) (*Neuschafer* ), *cert. denied,* 493 U.S. 906, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989), for the proposition that the district court should have stayed his petition instead of dismissing it. In *Fetterly,* we held that a district court should have stayed, rather than dismissed, a valid habeas corpus petition *containing only exhausted claims* to give the petitioner time to exhaust several newly-discovered claims in state court. *Fetterly,* 997 F.2d at 1301–02. A district court has discretion to stay a petition which it may validly consider on the merits. But Greenawalt argues that the district court should have stayed a petition which, under *Rose,* it was obliged to dismiss immediately. *Fetterly* does not support that proposition. In fact, the petitioner in *Fetterly* sought a stay because his counsel "recognized that if he moved to amend his petition in federal court [immediately], it would have been subject to dismissal under *Rose v. Lundy* because it contained unexhausted claims." *Fetterly,* 997 F.2d at 1298 (citation omitted); *see also*

*Phillips v. Vasquez,* 56 F.3d 1030, 1034–35 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 683, 133 L.Ed.2d 530 (1995) (recognizing that "[i]n *Rose,* the Supreme Court held that a petition containing both exhausted and unexhausted claims must be dismissed.").

*Fetterly* also involved a first federal habeas corpus petition, and the equities favoring a stay are obviously greatly diminished when a petitioner presents the issue, as here, in the context of a successive petition. *See Fetterly v. Paskett,* 15 F.3d 1472, 1484 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 290, 130 L.Ed.2d 205 (1994) (Trott, J., concurring in denial of rehearing en banc); *see also Lonchar v. Thomas,* —— U.S. ——, ——, 116 S.Ct. 1293, 1299, 134 L.Ed.2d 440 (1996) ("Dismissal of a *first* federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty."); *McCleskey v. Zant,* 499 U.S. 467, 492, 111 S.Ct. 1454, 1469, 113 L.Ed.2d 517 (1991) ("[I]f reexamination of convictions in the first round of habeas offends federalism and comity, the offense increases when a State must defend its conviction in a second or subsequent habeas proceeding on grounds not even raised in the first petition.").

In *Neuschafer,* we suggested in a footnote that "[w]hen a petitioner has not exhausted his state remedies before filing a federal habeas petition, a district court may hold the federal petition in abeyance, issue a stay of execution, and allow the petitioner an opportunity to exhaust his state remedies." *Neuschafer,* 860 F.2d at 1472 n. 1. To support that proposition, we cited two Ninth Circuit cases decided before *Rose* and several cases from other jurisdictions. Our opinion makes it clear, however, that the issue was not before the court. *See id.* at 1472 ("Notably, Neuschafer did not request that the district court issue a stay and hold the federal petition in abeyance so he could return to state court to exhaust state remedies."). Therefore, the footnote is dicta. In light of *Rose,* and our consistent adherence to its directive that the district courts must dismiss petitions containing unexhausted claims, we cannot rely on that dicta.

Thus, the district court did not err by dismissing Greenawalt's preliminary petition on the ground that it contained an unexhausted claim. Supreme Court precedent, along with our own, compels that conclusion.

■ The Act's intervening changes to the federal habeas corpus laws do not affect this conclusion. To "protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings," *Rose*, 455 U.S. at 518, 102 S.Ct. at 1203, we require state prisoners to exhaust their claims in state court before coming to federal court with a habeas corpus petition. We adhere to that requirement even though Congress and the Supreme Court periodically modify the rules governing the availability of habeas corpus relief in federal court. We acknowledge that the Act may have worsened Greenawalt's legal position while he was exhausting his state remedies; undoubtedly, there are many state prisoners in the same situation. But Congress intended to restrict the availability of habeas corpus relief when it passed the Act, and the Supreme Court has held that the Act is constitutional. *Felker v. Turpin*, — U.S. —, —, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996) (*Felker*). The district court correctly refused to help Greenawalt evade its requirements by accepting a federal petition which was plainly and concededly premature.

Second, Greenawalt argues that the district court's decision to dismiss his preliminary petition rested upon that court's erroneous assumption that the Act would apply retroactively. Since the district court's order, we have decided that the relevant provisions of the Act do not apply to petitions pending in federal district court on the date of its enactment. *Jeffries*, 103 F.3d at 827.

■ The district court's September 5 Order explains at some length that dismissal would not prejudice Greenawalt, because the Act would have applied to his preliminary petition. Although that conclusion was erroneous in light of *Jeffries*, it was also irrelevant. As we have already explained, the district court properly dismissed the petition for failure to exhaust state remedies. "When a district court lists several reasons for taking a certain action, and one of the reasons is

flawed, the district court's decision should still be upheld if other reasons support the ruling." *United States v. Stauffer*, 922 F.2d 508, 516 (9th Cir.1990); *see also United States v. Stevens*, 548 F.2d 1360, 1363 n. 9 (9th Cir.) ("Even were we willing to assume that the court 'did the right thing for the wrong reason,' we would still be bound to affirm based on any grounds which validate the lower court's result."), *cert. denied*, 430 U.S. 975, 97 S.Ct. 1666, 52 L.Ed.2d 369 (1977).

Third, Greenawalt contends that the district court erred by dismissing his preliminary petition without appointing counsel, pursuant to 21 U.S.C. § 848(q)(4)(B) and *McFarland v. Scott*, 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). This argument has considerable force. The Sixth Circuit has decided recently that *McFarland* has limited application to cases involving "an already well-represented prisoner." *In re Parker*, 49 F.3d 204, 211 (6th Cir.1995); *see also Steffen v. Tate*, 39 F.3d 622, 627 (6th Cir.1994) (stay appropriate under *McFarland* only when petitioner is "truly unrepresented").

We need not decide this difficult issue, because we conclude that Greenawalt has failed to demonstrate, as he must, any prejudice attributable to the district court's failure to appoint counsel. Greenawalt, through his counsel, conceded at oral argument that he is not now asserting any federal claim which was exhausted fully on April 23, 1996. Even if the district court had appointed counsel under section 848(q)(4)(B) immediately after receiving the preliminary petition, any amended petition that counsel filed would therefore have been dismissed under *Rose*.

Greenawalt suggested at oral argument that the failure to appoint counsel prejudiced him in two respects. First, he pointed out that the State might have waived the requirement of exhaustion of remedies if counsel had asked. Greenawalt cannot satisfy his burden of showing prejudice by engaging in mere speculation. The State of Arizona has assured us that it would not have waived the exhaustion requirement, and nothing in the record suggests otherwise. Second, Greena-

walt contends that counsel might have persuaded the district court to stay the petition instead of dismissing it, pursuant to *Fetterly* and *Neuschafer.* As we explained earlier, any such action by the district court would have violated *Rose.*

We hold that the district court properly dismissed Greenawalt's preliminary petition on September 5, 1996. The district court's refusal to reconsider that decision under Rule 60(b)(6) could not, therefore, have been an abuse of discretion. We hold that Greenawalt has not made a "substantial showing" that the district court abused its discretion by denying the Rule 60(b)(6) motion. The CPC to appeal that decision is denied.

■ Greenawalt also seeks a CPC to appeal the district court's denial of his motion to reopen the time for appeal under Federal Rule of Appellate Procedure 4(a)(6). That rule provides that a district court "may" reopen the time for appeal if it finds "that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry," and "that no party would be prejudiced" thereby. Greenawalt contends that his current attorney, Denise Young, never received notice of the September 5 Order.

We ordinarily review the denial of a 4(a)(6) motion only for abuse of discretion. *Nunley,* 52 F.3d at 794. The district court denied Greenawalt's 4(a)(6) motion on the ground that Young was not a "party entitled to notice" because she was never appointed to represent him in federal district court. Under the circumstances, we hold that Greenawalt has not made a "substantial showing" that the district court abused its discretion by denying the motion. We therefore deny his request for a CPC to appeal that decision.

### IV

■ Greenawalt also filed a motion urging us to recall the mandate in *Greenawalt II,* which denied his first federal petition. We have the power to recall the mandate in a prior case, but have held that we should exercise this power "only in exceptional circumstances." *Zipfel v. Halliburton,* 861 F.2d 565, 567 (9th Cir.1988).

Greenawalt urges us to recall the mandate because the Eighth Circuit Court of Appeals recently has questioned our resolution of one of the claims in his first habeas petition. *See Reeves v. Hopkins,* 102 F.3d 977 (8th Cir. 1996) (*Reeves* ). In his first petition, Greenawalt relied on *Beck v. Alabama,* 447 U.S. 625, 636–37, 100 S.Ct. 2382, 2389–90, 65 L.Ed.2d 392 (1980), to argue that the trial court's failure to instruct the jury on a lesser-included offense violated his due process rights. We rejected that claim on the ground that " '[w]here no lesser included offense exists, a lesser included offense instruction detracts from, rather than enhances, the rationality of the process.' " *Greenawalt II,* 943 F.2d at 1029, *quoting Spaziano v. Florida,* 468 U.S. 447, 455, 104 S.Ct. 3154, 3159–60, 82 L.Ed.2d 340 (1984).

In *Reeves,* the Eighth Circuit stated that it could not "agree with this interpretation of the *Beck* doctrine." *Reeves,* 102 F.3d at 983.

> The State's position would say in effect that *Beck* means only that a criminal defendant is entitled to instructions on lesser included offenses to which state law says he or she is entitled. But if this were true, then *Beck* itself would have been decided differently. In *Beck,* as in this case, state substantive law specifically prohibited the giving of a lesser included offense instruction. The problem was not merely a trial court's decision not to instruct the jury, nor was it Alabama's definition of lesser included offenses. The unacceptable constitutional dilemma was that state law prohibited instructions on noncapital murder charges in cases where conviction made the defendant death-eligible.

*Id.* Greenawalt argues that we should recall our mandate to revisit this question.

Although the issue may be reasonably disputed, *Reeves* does not persuade us that we erroneously resolved Greenawalt's *Beck* claim. Greenawalt has not demonstrated the required exceptional circumstance. Greenawalt, if he chooses to do so, may call this issue to the attention of the Supreme Court, where inter-circuit disputes can be settled.

## V

Greenawalt also has presented us with two separate, but interrelated, requests for authorization to file a successive habeas corpus petition in federal district court. First, he asks us to authorize a successive petition that the Act will not govern. In the alternative, he requests authorization under the new 28 U.S.C. § 2244(b)(3)(A).

Greenawalt premises his first request upon the assertion that, as applied to the "unprecedented situation" presented in this case, the Act suspends the writ of habeas corpus. Since the new 28 U.S.C. § 2244(b)(2)(B) forecloses all successive-petition review of constitutional claims unrelated to guilt or innocence, he argues that his ability to assert such a claim under the prior "cause and prejudice" standards of *McClesky* has been "suspended" in violation of Article I, § 9 of the Constitution.

The Supreme Court foreclosed this argument in *Felker*, where it held that the Act's new restrictions on successive petitions were "well within the compass" of the evolving abuse of the writ doctrine. *Felker*, —— U.S. at ——, 116 S.Ct. at 2340. Judgments about the proper scope of the writ are, within broad limits, "normally for Congress to make." *Id., quoting Lonchar*, —— U.S. at ——, 116 S.Ct. at 1298. This request must, therefore, be denied.

To grant Greenawalt's other request for authorization to file a successive petition under the Act, we must certify that he has made a prima facie showing that he can satisfy its requirements. 28 U.S.C § 2244(b)(3)(C). Those requirements are extremely stringent.

> (b)(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Greenawalt has not made a prima facie showing under either 28 U.S.C. § 2244(b)(2)(A) or (B). He fails under part (A) because there is no "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" that could apply in this case. He fails under part (B) because the constitutional error alleged by Greenawalt is ineffective assistance of counsel at *sentencing*, and he cannot demonstrate that "no reasonable factfinder would have found [him] *guilty* of the underlying offense" (emphasis added). Therefore, Greenawalt's request to file a successive petition is denied.

## VI

Finally, Greenawalt has filed a motion for a stay of execution. Under *Barefoot v. Estelle*, "[t]he granting of a stay should reflect the presence of substantial grounds upon which relief might be granted." *Barefoot*, 463 U.S. at 895, 103 S.Ct. at 3396. For the reasons discussed above, we hold that a stay of execution is not warranted, and the motion is denied.

**RELIEF DENIED.**