Ramon MARTINEZ–VILLAREAL,
Petitioner/Appellant,

v.

Terry STEWART, Respondent/Appellee.

Ramon MARTINEZ–VILLAREAL,
Petitioner–Appellee/Cross–
Appellant,

v.

Terry STEWART, Respondent–
Cross–Appellant/Appellee.

Nos. 97–80229, 94–99011 and 94–99012.

United States Court of Appeals,
Ninth Circuit.

May 19, 1997.

Before: D. W. NELSON, LEAVY and T. G. NELSON, Circuit Judges

Ramon Martinez-Villareal moves this court for, inter alia, a stay of execution and leave to file a subsequent petition in district court. For the reason explained below, we stay the execution and order further briefing.

I

Background

Martinez–Villareal was convicted of murder in Arizona and his conviction and sentence of death were upheld by the Arizona Supreme Court. *State v. Martinez–Villareal,* 145 Ariz. 441, 702 P.2d 670, *cert. denied,* 474 U.S. 975, 106 S.Ct. 339, 88 L.Ed.2d 324 (1985). Martinez–Villareal was thereafter unsuccessful in several State post-conviction relief petitions, and we denied relief in *Martinez–Villareal v. Lewis,* 80 F.3d 1301 (9th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 588, 136 L.Ed.2d 517 (1996). In that deci-

sion, we specifically held that Martinez–Villareal's claim that he was incompetent to be executed was premature. *Id.* at 1309, n. 1.

Martinez–Villareal returned to the courts of Arizona in February, 1997, by filing a "Motion Pursuant to ARS § 13–4022." Arizona's statutory scheme, as embodied in that section, authorizes the superior court to appoint experts and hold a hearing concerning a condemned prisoner's competence to be executed if a proper preliminary showing is made. The Arizona Superior Court held that Martinez–Villareal had made a sufficient showing, and appointed the experts designated by Martinez–Villareal and the State. After denying Martinez–Villareal's motion to hold a portion of the statutory scheme unconstitutional because, *inter alia*, it placed the burden on Martinez–Villareal to demonstrate his incompetence, the court held a four-day evidentiary hearing which concluded on May 8, 1997. After the hearing, the court entered a written minute order in which it found, in part, as follows:

> 4. That the determination whether the burden of proof has been met may only be made after a careful review and analysis of all the evidence presented [to] the Court; that, upon review of all the evidence presented [to] the Court, this Court FINDS that the Defendant has failed to prove by clear and convincing evidence, or by the lesser standard of preponderance of the evidence, that he is not competent to be executed;
>
> 5. That the Court FURTHER FINDS that Defendant is aware that he is to be punished for the crime of murder and that he is aware that the impending punishment for that crime is death; that the Defendant, Ramon Martinez–Villareal, is therefore competent to be executed under the laws of the State of Arizona.

Martinez–Villareal petitioned the Arizona Supreme Court for special action pursuant to ARS § 13–4022(G). The Arizona Supreme Court accepted jurisdiction but, on May 16, 1997, denied relief.

Martinez–Villareal moved to amend the district court's judgment, which had dismissed his incompetency claim without prejudice, and asked the district court to hold the claim in abeyance. Following the district court's denial, Martinez–Villareal filed a notice of appeal. Both the district court and this court denied a certificate of appealability.

On May 16, 1997, counsel for Ramon Martinez–Villareal filed the following motions in this court: motion for stay of execution; motion for leave to file subsequent petition; motion for certificate of probable cause; motion for remand to file Fed.R.Civ.P. 60(b) motion; and motion to recall the mandate.

## II

### Stay of Execution and Leave to File Subsequent Petition

■ Martinez–Villareal has raised a competency to be executed claim under *Ford v. Wainwright,* 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). In doing so, he has presented a unique and fundamental constitutional challenge to a provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244 (1996). Martinez–Villareal asserts that a competency to be executed claim can never be heard by a federal court, and that this preclusion constitutes an unconstitutional suspension of the writ of habeas corpus. We find that his argument merits further consideration.

■ *Ford v. Wainwright* holds that the Eighth Amendment "prohibits a state from carrying out a sentence of death upon a prisoner who is insane." 477 U.S. at 409–10, 106 S.Ct. at 2602. However, the determination of whether an inmate is competent to be executed cannot be made before the execution is imminent, i.e., before the warrant of execution is issued by the State. *See Herrera v. Collins,* 506 U.S. 390, 406, 113 S.Ct. 853, 863–64, 122 L.Ed.2d 203 (1993) ("[T]he issue of sanity is properly considered in proximity to the execution."). The federal district court and this court recognized this problem when both courts dismissed Martinez–Villareal's competency claim as premature. *See Martinez–Villareal v. Lewis,* 80 F.3d 1301, 1309 n. 1 (9th Cir.1996).

This principle must be read together with the Supreme Court's instruction in *Lonchar*

*v. Thomas,* —— U.S. ——, ——, 116 S.Ct. 1293, 1297, 134 L.Ed.2d 440 (1996), that "if the district court cannot dismiss the [first habeas] petition on the merits before the scheduled execution, it is obligated to address the merits and must issue a stay to prevent the case from becoming moot." Once this stay has been issued, the execution is not imminent, and the competency to be executed claim becomes premature. Accordingly, it appears that this claim cannot be asserted in a first habeas petition.[1]

Under the AEDPA, the claim cannot be asserted in a second petition either. Section 2244 provides that

> (b)(2) [a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2) (1996).

The gateway described in subsection (A) does not apply to a competency claim because the constitutional right upon which such a claim is based was announced in 1986. The gateway described in subsection (B)

does not apply because competency to be executed is not an issue of guilt or innocence. It thus appears that the automatic stay accompanying a first habeas petition and the inapplicable gateway provided by the AEDPA foreclose any federal review of a death row inmate's competency to be executed. *See In re Medina,* 109 F.3d 1556, 1564–65 (11th Cir.1997).

The Constitution's Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended." U.S. Const., Art. I, § 9, cl. 2. Martinez–Villareal has demonstrated that a district court will never be able to hear his competency to be executed claim. Whether this *amounts to an unconstitutional suspension of the writ depends upon whether the Supreme Court may entertain such a claim in the exercise of its jurisdiction over original habeas petitions.*

This question remains unanswered after *Felker v. Turpin,* —— U.S. ——, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). In *Felker,* the Court concluded that the "gatekeeping" system of the new Act (codified at 28 U.S.C. § 2244(b)(3)), whereby a petitioner must obtain the permission of the court of appeals before filing a second or successive petition in the district court, "does not apply to our consideration of habeas petitions because it applies to applications 'filed in the district court.'" *Felker,* —— U.S. at ——, 116 S.Ct. at 2339. The Court did not decide the question of whether it was bound by the restrictions imposed by section 2244(b)(2) and (3). *See id.* The question is an open one. *See Felker,* —— U.S. at ——, 116 S.Ct. at 2339.[2] The Supreme Court noted that "[w]hether or not we are bound by [section 2244(b)'s] restrictions, they certainly inform our consideration of original habeas petitions." *Id.* At least on its face, section 2244(b) appears to

---

**1.** This result is exacerbated by 28 U.S.C. § 2263, which provides that any application for habeas corpus relief under section 2254 "must be filed in the appropriate district court not later than *180 days* after final State court affirmance of the conviction and sentence on direct review." 28 U.S.C. § 2263(a). This statute of limitations is tolled "from the date on which the first petition for post-conviction review or other collateral relief is filed until the final State court disposition of such petition." 28 U.S.C. § 2263(b)(2). It is

unlikely that a warrant of execution will issue before this clock expires.

**2.** We recognize that the Eleventh Circuit has confronted this precise issue. Although that court concluded that the AEDPA does not permit consideration of a competency claim, it did not expressly consider whether this violated the Suspension Clause. *See In re Medina,* 109 F.3d 1556, 1564–65 (11th Cir.1997).

apply to second or successive habeas corpus petitions even when presented originally to the Supreme Court. *See* 28 U.S.C. § 2244(b). If these restrictions apply even to the Supreme Court's original habeas jurisdiction, then relief on competency to be executed claims could never be granted by any federal court. This might result in an unconstitutional suspension of the writ of habeas corpus.[3]

Because of the importance of Martinez–Villareal's claim that the AEDPA unconstitutionally suspends the writ of habeas corpus for petitioners who present a competency to be executed claim, we issue a stay of execution and order the parties to submit supplemental briefing on this discrete question. Under the AEDPA, this court must decide within thirty days whether to grant or deny a motion to file a subsequent petition. *See* 28 U.S.C. § 2244(b)(2)(D). Accordingly, the stay shall not exceed thirty days from May 16, 1997, the date Martinez–Villareal filed his motion to file a subsequent petition. Martinez–Villareal shall file a supplemental brief addressing the constitutional issue within seven days of the date of this order. The State of Arizona shall respond within seven days of the date that Martinez–Villareal's brief is filed.

### III

#### Certificate of Probable Cause

Because in case No. 97–99009 we ruled on Martinez–Villareal's motion for a certificate of probable cause, we deny his identical motion in No. 97–80229.

### IV

#### Remand to File Rule 60(b) Motion

■ Martinez–Villareal moves for remand and leave to file a Fed.R.Civ.P. 60(b) motion in district court. We deny the motion because: (1) there is no pending appeal to remand; and (2) Martinez–Villareal has pointed to no law requiring the court of appeals to authorize the filing of a Rule 60(b) motion in district court.

### V

#### Recall the Mandate

Martinez–Villareal moves this court to recall the mandate issued in Nos. 94–99011, 94–99012. Because this court's decision to deny the competency to execute claim as premature was correct, we again decline to do so. Any available relief must be sought under current law.

**MOTIONS FOR CERTIFICATE OF PROBABLE CAUSE AND FOR REMAND TO FILE RULE 60(b) MOTION AND TO RECALL THE MANDATE DENIED; EXECUTION STAYED; SUPPLEMENTAL BRIEFING ORDERED.**

---

**3.** *Greenawalt v. Stewart,* 105 F.3d 1268, 1277 (9th Cir.1997) (section 2244 forecloses all successive-petition review of constitutional claims unrelated to guilt or innocence) did not decide this issue. Unlike Greenawalt's sentencing claim,

Martinez–Villareal's competency to be executed claim cannot be decided in a first habeas petition.