122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janet Marie DIXON, Petitioner-Appellant,
v.
Susan E. POOLE, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-56404.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the Central District of California. Robert M. Takasugi, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Janet Marie Dixon appeals pro se the district court's order denying her Fed.R.Civ.P. 60(b) motion:for reconsideration of its denial of her 28 U.S.C. § 2254 habeas petition challenging her 1981 conviction for arson and murder. We have jurisdiction under 28 U.S.C. §§ 1291 and 2255. We review for abuse of discretion, see Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir.), cert. denied, 117 S.Ct. 794 (1997), and we affirm.
 
 
 3
 Dixon first challenges the district court's dismissal pursuant to Rule 9(a), 28 U.S.C. foll. § 2254 of her claims that her confession was coerced, that she was incompetent to stand trial, and that she was denied effective assistance of counsel. This issue is not properly before us because "[a]n appeal from the denial of a Rule 60(b) motion brings up the denial of the motion for review, not the merits of the underlying judgment." See Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991). Accordingly, our review is limited to the district court's denial of Dixon's Rule 60(b) motion. See id.
 
 
 4
 Under Rule 60(b), the district court may relieve a party from judgment on the basis of newly discovered evidence. See Fed.R.Civ.P. 60(b)(2); see also Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir.1990) (per curiam). The test for newly discovered evidence requires that the moving party show that (1) the evidence constitutes "newly discovered evidence" within the meaning of Rule 60(b)(2), (2) it exercised "due diligence" to discover the evidence, and (3) the evidence is of such magnitude that it would have likely changed the outcome of the case. See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir.1987).
 
 
 5
 In her motion, Dixon sought reconsideration on the basis of evidence supporting her ineffective assistance of counsel claims and evidence supporting her claim that the twelve-year delay in filing a habeas petition was justified because she was incapacitated due to a lifetime of abuse, the injuries she sustained during the commission of the crime, and the fact that she was heavily medicated.
 
 
 6
 The district court did not abuse its discretion by denying Dixon's motion because the evidence Dixon sought to introduce does not meet the Rule 60(b)(2) criteria. See id. First, the evidence pertaining to her ineffective assistance of counsel claim is irrelevant to the issue of whether her claims were barred by Rule 9(a) and thus would not have changed the outcome of the judgment. See id. Second, Dr. Kupers's declaration is based upon his analysis of Dixon's medical records which were available to Dixon since the time she filed her petition and thus does not constitute newly discovered evidence. See id. at 212. Accordingly, we affirm the district court's denial of Dixon's motion for reconsideration.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3