F I L E D
United States Court of Appeals
Tenth Circuit

SEP 29 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARLIN A. SIMPSON,

      Defendant-Appellant.

No. 99-3070

(D.C. No. 97-CV-3457-WEB)

(D.Kan.)

**ORDER AND JUDGMENT** *

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant Marlin Simpson, appearing pro se, seeks a certificate of

appealability to appeal the district court's denial of his motion for leave to file a

notice of appeal out of time. Because we conclude Simpson failed to satisfy the

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

requirements of Fed. R. App. P. 4(a)(6), we deny Simpson a certificate of appealability and dismiss the appeal.

Simpson was convicted of possessing with intent to distribute crack cocaine and using or carrying a firearm during and in relation to the drug trafficking offense, and was sentenced to a term of 228 months' imprisonment. On direct appeal, this court affirmed the possession count but reversed and remanded for new trial on the firearm count. United States v. Simpson, 94 F.3d 1373 (10th Cir. 1996). On remand, the government chose to dismiss the firearm count and Simpson was resentenced to a term of 168 months' imprisonment on the possession count.

Simpson subsequently filed a 28 U.S.C. § 2255 motion to vacate his sentence, which was denied on August 4, 1998. Although a copy of the order was presumably mailed to Simpson, he allegedly did not receive it. On November 13, 1998, Simpson notified the clerk of the district court of a change of address and requested that he be updated regarding the status of his § 2255 motion. In accordance with his request, the clerk's office mailed a copy of the order denying his § 2255 motion to his new address. After receiving the copy of the order, Simpson filed a motion for leave to file a notice of appeal out of time, which was denied. Simpson has now filed a notice of appeal from the district court's order refusing an extension of time to appeal the denial of his § 2255 motion. We

-2-

construe Simpson's notice of appeal as a request for a certificate of appealability. Fed. R. App. P. 22(b)(2).

In order to obtain a certificate of appealability, Simpson must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because we ordinarily review a district court's decision of whether to grant a motion for extension of time to file a notice of appeal for abuse of discretion, Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994), Simpson must, at a minimum, make a substantial showing that the district court in this case abused its discretion in denying his motion for extension of time. See Greenawalt v. Stewart, 105 F.3d 1268, 1276 (9th Cir. 1997).

Under Federal Rule of Appellate Procedure 4(a)(1), Simpson had sixty days from the date of the district court's judgment, or until October 5, 1998,[1] to file his notice of appeal. See Fed. R. App. 4(a)(1). As noted, however, Simpson allegedly did not receive a copy of the district court's judgment prior to expiration of this sixty-day period. Accordingly, he sought to reopen the time in which to file a notice of appeal pursuant to Fed. R. App. 4(a)(6):

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

---

[1] Because the sixty days actually expired on Saturday, October 3, 1998, Simpson had until the following Monday, October 5, 1998, to file a timely notice of appeal. See Fed. R. Civ. P. 6(a).

(A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
(B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

After reviewing the record, it is apparent that Simpson failed to satisfy the time requirement of Rule 4(a)(6)(A). Although he received a copy of the district court's order on December 4, 1998, he did not act within the seven days required by Rule 4(a)(6)(A). [2] Instead, he waited until December 19, 1998, to file his motion for leave to file a notice of appeal out of time. [3] Thus, the district court did not abuse its discretion in denying Simpson's untimely motion.

Simpson's application for a certificate of appealability is DENIED and the appeal is DISMISSED.

Entered for the Court

---

[2] Because this date was earlier than 180 days from the date of the district court's order, it is the date with which Simpson had to comply under Rule 4(a)(6)(A).

[3] Although Simpson's motion was not received and filed by the clerk of the district court until December 28, 1998, he actually mailed the motion from prison on December 19, 1998. For purposes of our analysis, we apply the "prisoner mailbox rule," which treats the date Simpson placed his motion in the prison mailbox as the filing date. See Houston v. Lack, 487 U.S. 266 (1988).

Mary Beck Briscoe
Circuit Judge