**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lawrence Doby WILSON, Defendant— Appellant.**

**No. 01–30002.**

**D.C. No. CR–80–00082–JMB.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2001.*

Decided Nov. 27, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, T.G. NELSON, and GOULD, Circuit Judges.

### MEMORANDUM**

Wilson appeals the district court's denial of his Rule 60(b)(6) motion for relief from the judgment denying his fourth petition for habeas corpus. Fed.R.Civ.P. 60(b)(6).[1] We review for abuse of discretion, *Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir.1997), and affirm. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

As the *Greenawalt* court reaffirmed, relief under Rule 60 should be granted "sparingly" and only where necessary "to prevent manifest injustice." *Id.* (citations and internal quotation marks omitted). The remedy of relief from a judgment should "be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (citations and internal quotation marks omitted).

Wilson argues that extraordinary circumstances exist here. First, in Wilson's view, extraordinary circumstances exist in this case because the district court below erroneously held that his ineffective assistance of counsel claim was foreclosed by the Ninth Circuit's denial of that claim in the course of our review of his fourth habeas petition. According to Wilson, the Ninth Circuit never properly evaluated that claim because we held that the claim was not properly before us, based on Wilson's failure to raise it to the district court in the habeas case. Thus, given that we did not adjudicate the ineffectiveness claim on the merits in our review of Wilson's fourth habeas petition, Wilson views the district court's reliance on our prior rejection of his ineffective assistance of counsel claim as erroneous.[2] However, a decision

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment ..." Fed.R.Civ.P. 60(b). Subsections (1) through (5) enumerate specific bases for relief, and subsection (6) allows relief for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6).

2. Wilson asserts that our prior determination that he had not raised the ineffectiveness claim to the district court in the fourth habeas proceeding was error. However, even if he were correct, the proper way to address that problem would have been to petition this court for rehearing immediately after we issued the memorandum disposition in his fourth habeas case. *See* Fed. R.App. P. 40; *see also United States v. Wingender*, 790 F.2d 802 (9th Cir.1986).

based on procedural grounds is as binding as a decision based on substantive grounds. *See id.*[3] The district court did not err in rejecting Wilson's ineffective assistance of counsel claim based on our prior determination that Wilson had waived that claim by not asserting it before the district court. Wilson's own procedural mistakes do not constitute extraordinary circumstances. *Id.*

Second, Wilson suggests that the loss or destruction of his original trial record[4] constitutes an extraordinary circumstance because the unavailability of the record prevented him from bringing a fifth habeas petition. Logically, the loss of the original trial record can have no bearing on the validity of the fourth habeas proceeding, which occurred before the loss of the record.[5] We reject Wilson's contention that the loss of the trial court record in his criminal case constitutes an extraordinary circumstance for purposes of his Rule 60(b)(6) motion seeking relief from his fourth habeas judgment.[6]

Wilson has failed to show that extraordinary circumstances exist in this case. Therefore, the district court did not abuse its discretion in holding that he is not entitled to Rule 60(b)(6) relief.

**AFFIRMED.**

---

3. In *Greenawalt*, we held that a pro se habeas petitioner's failure to appeal an order dismissing his petition may have been "attributable to inattention or inexperience, but neither deficiency constitutes a[n] extraordinary circumstance that justifies Rule 60(b)(6) relief." *Greenawalt,* 105 F.3d at 1273.

4. It appears that the record of Wilson's original criminal trial was lost in the mail in 1996 en route to the Federal Records Center from the district court.

5. Moreover, Wilson has provided no authority supporting his claim that it is extraordinary that a criminal trial record would be lost after so many years.

6. Other purported grounds asserted by Wilson as extraordinary circumstances are wholly without merit.