**Michael CROWLEY, Petitioner–Appellant,**

v.

**Paul H. RENICO, Respondent–Appellee.**

Nos. 02–2224, 02–2290.

United States Court of Appeals,
Sixth Circuit.

Nov. 10, 2003.

Michael Crowley, Kincheloe, MI, for Petitioner–Appellant.

Brad H. Beaver, Lansing, MI, for Respondent–Appellee.

Before BATCHELDER and COLE, Circuit Judges; and HOOD, District Judge.*

*ORDER*

Michael Crowley appeals a district court judgment that denied his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The Michigan Parole Board denied Crowley parole in March 2000, and reaffirmed its decision upon reconsideration in April 2000. Crowley sought leave to file his federal habeas corpus petition in April 2001, and was granted leave to file his petition in May 2001. In his petition, Crowley asserted claims that: (1) members of the parole board are not impartial because they lack civil service protection and face pressure to deny inmates parole to keep their jobs; (2) the board violated state law in its decision to deny him parole based solely on his prior criminal record and current offense; and (3) the board inappropriately considered the nature of his offense in making its decision. The state filed an answer in opposition to the petition, and Crowley filed a reply. The district court denied the petition as meritless. Crowley filed a timely notice of appeal, and the district court granted Crowley a certificate of appealability only with respect to his claim that the Michigan Parole Board does not constitute a neutral and detached hearing body because its members lack civil service protection. Subsequently, this court also denied Crowley a certificate of appealability with respect to his remaining claims. Also, Crowley filed a separate notice of appeal taken from the district court order that granted him a certificate of appealability in part.

In his brief on appeal, Crowley contends that Michigan Parole Board members have a pecuniary interest in denying parole. In addition, Crowley addressed many other issues not certified for appeal, and has filed motions for the appointment of counsel and for the disclosure of evidence. The state responds that: (1) Crowley has no constitutionally protected interest in a neutral parole board; and (2) Michigan Parole Board members have no pecuniary interest in denying parole in any event. Upon de novo review, *see Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999), we affirm the judgment for the reasons stated by the district court in its order filed September 26, 2002. Crowley's claim that the Michi-

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

gan Parole Board does not constitute a neutral and detached hearing body lacks merit. *See Juarez v. Renico,* 149 F.Supp.2d 319, 323–24 (E.D.Mich.2001). The remaining issues Crowley addressed in his brief on appeal are not properly before this court. *See Searcy v. Carter,* 246 F.3d 515, 518 (6th Cir.2001).

Finally, Crowley's second notice of appeal is taken from a nonappealable order. *See Sims v. United States,* 244 F.3d 509, 509 (6th Cir.2001); *Greenawalt v. Stewart,* 105 F.3d 1268, 1272 (9th Cir.1997). Accordingly, the appeal docketed in this court as Case No. 02–2290 is dismissed for lack of appellate jurisdiction.

For the foregoing reasons, Crowley's motions are denied, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.