NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH CHARLES CANNAN, | No. 11-56274 |
| Petitioner - Appellant, | D.C. No. 8:09-cv-01264-GAF |
| v. | |
| SANDRA HUTCHENS, Sheriff-Coroner, Orange County; EDMUND G. BROWN, Jr., Attorney General State of CA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

California state prisoner Joseph Charles Cannan appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Cannan alleges that his Sixth Amendment rights were violated when the trial court determined his prior Arizona conviction for manslaughter qualified to elevate his current offenses to felonies and double his sentence under California's Three Strikes Law. Cannan is not entitled to habeas relief as the California Court of Appeals decision to deny relief was not contrary to or an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

We construe Cannan's argument that the trial court relied on improper hearsay to enhance his sentence as a motion to expand the certificate of appealability ("COA"). So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam). To the extent Cannan seeks to appeal the district court's denial of a COA with regard to this issue, the denial of a COA is not in itself appealable. *See Greenawalt v. Stewart*, 105 F.3d 1268, 1272 (9th Cir. 1997) (per curiam), *abrogation on other grounds recognized by Jackson v. Roe*, 425 F.3d 654, 658-61 (9th Cir. 2005).

**AFFIRMED.**