Kenneth W. STEWART, No. 227024, Petitioner,

v.

Ronald J. ANGELONE, Director, Virginia Department of Corrections, Respondent.

Civ.A. No. 2:98CV1405.

United States District Court, E.D. Virginia, Norfolk Division.

May 3, 1999.

Kenneth W. Stewart, Lawrenceville, VA, pro se.

Steven A. Witmer, Assistant Attorney General, Office of Attorney General, Richmond, VA, for respondent.

### ORDER

PRINCE, United States Magistrate Judge.

■ The petitioner, a state prisoner seeking federal habeas relief, has moved for leave to amend his habeas petition and add nineteen (19) claims not presented in his original petition, which, according to respondent, initially identified only two ineffective assistance of counsel claims. The petitioner argues, however, that he did present these additional claims to the state courts, and that his original federal petition does, in some manner, include or otherwise refer to them. Further, while respondent has already filed its answer and motion to dismiss, the petitioner filed the instant motion more than five months before the Court would otherwise adjudicate the issues presented by his petition.

■ The Court GRANTS the petitioner's motion. The Federal Rules of Civil Procedure apply to habeas proceedings only "to the extent that they are not inconsistent with these rules." Rule 11 of the Rules Governing Section 2254 Proceedings. Because of the authority contained in this Rule, the Court agrees with the Fifth Circuit when, in *Briddle v. Scott,* 63 F.3d 364, 375 (5th Cir. 1995), it asserted that a habeas petitioner "had no absolute right ... to amend" his petition. Besides *Briddle* and other nonbinding authorities that have cited it, the Court has found little case law that addresses the law of amending a habeas petition, and neither party, understandably enough, has cited any that addresses this particular issue.

In *Briddle,* however, the petitioner sought to amend only after the district court there previously allowed an amendment, and even expressly advised the petitioner and his lawyer that failing to include all claims in this amendment would result in a waiver. 63 F.3d at 376. The district court, moreover, had even previously "rendered judgment on the merits dismissing the petition for writ," and the petitioner had then waited another thirteen months after this ruling before seeking a third amendment. *Id.* The Fifth Circuit found no abuse of discretion in denying the petitioner's motion, reasoning, in part, that allowing the petitioner to amend in these circumstances would enable him to frustrate the habeas laws barring successive or abusive petitions for writ. *See id.* at 375–76 (citing, among others, *McCleskey v.. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) and Rule 9 of the Rules Governing Section 2254 Proceedings).

Admittedly, the Court has not scoured the record for this nondispositive matter as it ordinarily would for preparing a report and recommendation. But the Court has seen nothing before it indicating the type of abuse described in *Briddle,* 63 F.3d at 375–76, or any other mischief that would bar the orderly administration of the petitioner's claims. Accordingly, while the Court certainly frowns upon amendments that could "drastically change the scope and character of this [habeas] litigation," (Resp't "Response," filed April 6, 1999, at 2), and while it certainly empathizes with the "widespread state of work overload in prosecutors' offices," *see* Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases, it also finds resort to Rule 15 of the Federal Rules of Civil Procedure appropriate in this case.

■ FED.R.CIV.P. 15(a) (1999), in turn, "encompasses a preference for liberal leave" to amend, even when, like here, the movant must seek leave to do so. *See Harding v. Kellam,* 155 F.3d 559 (4th Cir.1998) (citing *Island Creek Coal Co. v. Lake Shore,Inc.,* 832 F.2d 274, 279 (4th Cir.1987) *and Sandcrest Outpatient Serv. v. Cumberland County Hosp. System, Inc.,* 853 F.2d 1139, 1148–49 (4th Cir.1988)). Thus, unless an amendment would cause undue prejudice or undue delay to the nonmoving party, or unless the motion was filed in bad faith or with an improper

motive, courts should generally grant leave to amend. *See id.*

■ Again, while the Court believes that all habeas petitioners must strive to include all cognizable claims in their initial petition, it cannot ascribe an improper motive or bad faith to the petitioner in this case. As indicated above, he filed this amendment more than five months before the time this Court would address its merits. And it appears that his original petition may have inferred— if not articulated—the basis for these 19 claims in the attachments to it.

Also, nothing in this order, of course, prevents respondent from arguing that the related doctrines of procedural default or exhaustion bar petitioner's additional claims. *See, e.g., Teague v. Lane,* 489 U.S. 288, 297– 98, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). And the Court notes that, under 28 U.S.C. § 2254(b)(2), an "application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust" his state court remedies. Because these two doctrines and this statutory provision may enable the respondent to address, and possibly defeat, petitioner's claims with prejudice, and, therefore, to avoid the delay that would result from remanding a new habeas claim to state court, the Court thinks they provide additional reasons that augur in favor of finding no prejudice and granting the petitioner's motion to amend.

■ Accordingly, the Court believes that the amendment does not unduly prejudice the respondent or delay its interest in disposing of this litigation. To ensure that respondent has sufficient time to fully address these amended claims, the Court will exercise its authority under Rule 4 of the Rules Governing § 2254 Cases and grant respondent sixty (60) days LEAVE TO AN-SWER and brief the issues raised by the amended petition. Petitioner shall have eleven (11) days from the date of receipt of respondent's filing to respond. Absent a compelling reason, the Court will not thereafter accept additional motions, since the petition will have otherwise become ripe for review following the respondent's amended response and the petitioner's reply, discussed herein.

Further, the Court declines to rule on respondent's argument concerning the statute of limitations, 28 U.S.C. § 2244(d), and its applicability to petitioner's amended claims. The respondent may raise this issue again in its subsequent filing, but, if it chooses to do so, its arguments should address the doctrine of relation back and whether that doctrine bars application of § 2244(d) to the instant amendment. *See* FED.R.CIV.P. 15(c); *Sperling v. White,* 30 F.Supp.2d 1246, 1253– 54 (C.D.Cal.1998); *Williams v. Vaughn,* 3 F.Supp.2d 567, 570–71 (E.D.Pa.1998).

■ Lastly, the Court cautions petitioner that unless he presents compelling reasons for seeking to amend his petition a third time, it will not allow him to do as such. Additionally, as respondent has noted and petitioner has essentially admitted, the petitioner has used counsel to advise and perhaps even "ghostwrite" for him in these proceedings. If so, the Court ORDERS petitioner to identify counsel, and to declare whether counsel intends to represent him in this case. Counsel for petitioner must comply with the ethical obligations of FED. R.CIV.P. 11 or otherwise face the possibility of sanctions. *See Clarke v. U.S.,* 955 F.Supp. 593, 597–98 (E.D.Va.1997), *abrogated on other grounds by Brown v. Angelone,* 150 F.3d 370 (4th Cir.1998).

For the reasons stated above, the Court GRANTS petitioner's motion to amend. The Clerk is DIRECTED to mail copies of this Order to petitioner and to counsel for respondent.